**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § § **v.** § § § **NASH ALLEN FULLER (10),** § § | **CASE NUMBER 6:18-CR-00050-JDK** |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On October 31, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Nash Allen Fuller. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Possess with Intent to Distribute and Distribution of Less than 50 Grams of Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline, range based on total offense level of 13 and criminal history category of III, was 18 to 24 months. On April 18, 2019, District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 21 months confinement followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, obtaining high school equivalency certificate, and substance abuse testing and treatment. On October 4, 2019, Defendant completed his term of imprisonment and began his term of supervision.

Under the terms of supervised release, Defendant was required to refrain from unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release by testing positive for marijuana after submitting urine specimens on October 6 and 25, 2021.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by unlawfully using a controlled substance, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a)

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by using a controlled substance as outlined above. In exchange, the government agreed to recommend to the court a sentence of seven months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Nash Allen Fuller's plea of true be accepted and that he be sentenced to seven months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI El Reno, Oklahoma and that Defendant receive drug treatment while incarcerated. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 31st day of October, 2022.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE